UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EMANUEL IDALGO ARREAGA MORALES,

Petitioner,

v. Case No. 3:26-cv-2637-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

Petitioner Emanuel Idalgo Arreaga Morales, an immigration detainee, initiated this action pro se by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 30, 2026. See generally Petition. Arreaga Morales is a citizen of Guatemala. Id. at 6. He entered the United States in 2023, was detained by United States Immigration and Customs Enforcement (ICE) from September 2, 2025, to September 29, 2025, and voluntarily departed the country thereafter. Doc. 5-2 at 6, 16. Arreaga Morales alleges that he re-entered the country in February 2026. Petition at 6. On September 12, 2026, ICE assumed custody of him following his arrest by local law enforcement. Doc. 5-2 at 5, 16. An immigration judge ordered Arreaga Morales removed on September 30, 2026, and he waived his right to appeal.

Id. at 14–15. He appears to argue that his continued detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause as construed in Zadvydas v. Davis, 533 U.S. 678 (2001). Petition at 6–7. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 7.

Insofar as Arreaga Morales claims that his detention is governed by 8 U.S.C. § 1226(a), he is mistaken. Because he has a final order of removal, his detention is instead governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 544 (2021) ("Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after."); see also H.A.H.L. v. Warden, Stewart Det. Ctr., No. 4:26-cv-320-CDL-ALS, 2026 WL 1408784, at *2 (M.D. Ga. May 20, 2026) ("Because a removal order has now become final, Petitioner's detention is governed by 8 U.S.C. § 1231(a)."). Thus, the statutory procedures outlined in § 1226(a) do not apply to Arreaga Morales.

With respect to Arreaga Morales's Zadvydas claim, it is due to be dismissed because it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a

removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

In this case, the Court finds that the presumptively reasonable six-month period had not expired when Arreaga Morales filed the Petition. Courts have used various methods to calculate the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods of detention were consecutive. See Jaranow v. Bondi, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of

detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately thereafter and expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the Court determines that once an individual has been detained for more than six consecutive months after his final order of removal is entered, he has met the first prong of the Zadvydas test. Here, at the time he filed the Petition, Arreaga Morales had not been detained for six consecutive months after receiving a final order of removal.[1] Doc. 5-2 at 15. In fact, he filed the Petition the same day that his removal order became final—September 30, 2026. Compare id. (reflecting that Arreaga Morales waived his right to appeal on September 30, 2026), with Petition at 1 (reflecting that Arreaga Morales filed the Petition on September 30, 2026). Therefore, his claim under Zadvydas was not yet ripe, and his claim is due to be dismissed.

When Arreaga Morales's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Arreaga Morales must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Arreaga Morales must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

[1] "An order of removal by the immigration judge . . . shall become final . . . [u]pon waiver of appeal by the respondent." 8 C.F.R. § 1241.1(b).

Accordingly, it is **ORDERED**:

1. Arreaga Morales's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 224 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Respondent Warden's motion to dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send Arreaga Morales a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record
Emanuel Idalgo Arreaga Morales